**GOLDBERG & OSBORNE**
698 E. Wetmore Road, Suite 200
Tucson, Arizona 85705
(520) 620-3975

**John E. Osborne, Esq.**
State Bar #07085
PCC #44004
josborne@goldbergandosborne.com

**William C. Bacon, Esq.**
State Bar #04895
PCC #02320
wbacon@goldbergandosborne.com

**Kristin J. Schriner, Esq.**
State Bar #026631
PCC #66200
kschriner@goldbergandosborne.com

**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Courkamp, for herself and on behalf of other statutory beneficiaries,<br><br>Plaintiff,<br>vs.<br><br>Fisher-Price, Inc., a foreign corporation; Mattel, Inc., a foreign corporation.<br><br>Defendants. | No: CV-19-02689-GMS<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff states as follows:

1. Plaintiff Kathleen Courkamp is a resident of Maricopa County, Arizona, a citizen of the State of Arizona, a married woman, and proceeds herein in her sole and separate right.

2. Kathleen Courkamp is the mother of Z.O., for whose tragic death she brings this Complaint.

3. Venue and jurisdiction are proper pursuant to 28 U.S.C. § 1332.

4. The amount in controversy exceeds $75,000.

5. Defendant Fisher-Price Inc. ("Fisher-Price") is organized under the laws of the State of Delaware with its principal place of business at 636 Girard Avenue, East Aurora, New York 14052, and is a subsidiary of Mattel.

6. Defendant Fisher-Price is authorized to do and is doing business in Arizona.

7. Defendant Mattel is a corporation organized under the laws of the State of Delaware with its principal place of business at 333 Continental Boulevard, El Segundo, California, 90245.

8. Defendant Mattel Inc. ("Mattel") is authorized to do and is doing business in Arizona.

9. Defendants John and Jane Does 1-10 are individuals or married couples whose identities are presently unknown and not reasonably ascertainable to Plaintiff, and who committed some or all of the acts complained of herein including the design, manufacture, distribution, marketing, and sale of the Rock 'n Play that is the subject of this lawsuit.

10. Defendants ABC Corporations and/or Partnerships I-X are Arizona or foreign corporations and/or general or limited partnerships whose identities are presently unknown and not reasonably ascertainable to Plaintiff, and who committed some or all of the acts complained of herein including the design, manufacture, distribution, marketing, and sale of the Rock 'n Play that is the subject of this lawsuit.

11. All acts complained of herein were done by Defendants or their authorized agents, and if by Defendants' employees, in the course and scope of their employment, so that Defendants are legally responsible for their agents' or employees' acts.

## **GENERAL ALLEGATIONS**

12. Plaintiff realleges paragraphs 1 through 1111.

13. On June 19, 2014, Z.O.'s mother and father placed her in the Rock n' Play infant sleeper at approximately 1:30 a.m.

14. The Rock 'n Play is an inclined infant sleep product.

15. The Rock 'n Play was first introduced to the U.S. market by Fisher-Price and Mattel in 2009.

16. The Rock 'n Play includes a folding frame with a fabric hammock.

17. The Rock 'n Play was designed to rock forward and back.

18. The Rock 'n Play was advertised and marketed as safe for infant sleeping.

19. On June 19, 2014 at 8:00 a.m., Plaintiff Katie Courkamp checked on Z.O. and discovered Z.O. face down in the Rock 'n Play and cold to the touch.

20. At 8:06 am eight month old Z.O. was pronounced dead by emergency personnel.

## COUNT I STRICT PRODUCT LIABILITY

21. Plaintiff realleges paragraphs **Error! Reference source not found.** through 20

22. Defendants designed, manufactured, tested, inspected, warranted, marketed, distributed and sold the subject Rock 'n Play.

23. Defendants ABC Corporations and/or Partnerships I-X and/or John or Jane Doe I-X designed, manufactured, tested, inspected, warranted, marketed, distributed and sold the subject sod harvesting machine and/or its component parts.

24. At the time of Z.O.'s death, the subject Rock 'n Play was defective and unreasonably dangerous and unfit for its intended uses and purposes because of its design, manufacture, testing, inspection, warranty, marketing, and/or warning, and hence suffered from design, manufacture, and/or informational defects.

25. Z.O.'s death occurred as a direct and proximate cause of the defects in the subject Rock 'n Play.

## COUNT II-NEGLIGENCE

26. Plaintiff realleges paragraphs 1 through **Error! Reference source not found.Error! Reference source not found.**.

27. Defendants negligently designed, manufactured, tested, inspected, marketed, warned about, distributed, repaired, maintained, prepared, installed and and/or sold the subject Rock 'n Play.

28. Defendants negligently failed timely to recall the product despite knowledge of its defective and unreasonably dangerous condition.

29. Defendants negligently failed to warn the buyers including the Plaintiff regarding the risks and dangers associated with this product.

30. The death of Z.O. was a direct and proximate result of the negligence asserted in Paragraphs 27-29, and the proximate cause of damages to the Plaintiff are more fully set forth in Paragraphs 31-33 et seq.

## DAMAGES

31. Plaintiff realleges Paragraphs **Error! Reference source not found.** through 30.

32. Defendants' wrongful acts complained of herein caused permanent wrongful death injuries to Plaintiff Kathleen Courkamp and other statutory beneficiaries, all due to the death of Z.O. These damages include but are not limited to:

1. The loss of Z.O.'s love, affection, companionship, care since her wrongful death and in the future.
2. The pain, grief, sorrow, anguish, stress and shock already experienced, and reasonably probable to be experienced in the future, due to the wrongful death of Z.O.
3. The income and services that are reasonably probable as a result of Z.O.'s death to be lost in the future.
4. The reasonable expenses for the funeral and burial of Z.O.

33. Defendants consciously pursued a course of conduct knowing it created a substantial risk of significant harm to others. Such conduct showed a wanton disregard for public safety and was so egregious that an evil mind can be inferred. As such Plaintiff is entitled to an award of punitive damages against Defendants.

WHEREFORE, Plaintiff is entitled to judgment in her favor against Defendants, for the following relief:

A. Money Damages sufficient to fully and fairly compensate Plaintiff and statutory beneficiaries for their losses and damages;

B. Punitive damages;

C. Legal costs; and

4

D.  Such other and further relief as the Court may deem just and equitable.

DATED this 2nd day of May, 2019.

                                        GOLDBERG & OSBORNE

                                        By:**/s/John E. Osborne**_____
                                              John E. Osborne, Esq.
                                              William C. Bacon, Esq.
                                              Kristin J. Schriner, Esq.
                                              Attorneys for Plaintiff

GOLDBERG & OSBORNE
698 E. Wetmore Road, Suite 200
Tucson, AZ 85705
(520) 620-3975