# EXHIBIT 1



Lori G. Cohen
Tel 678.553.2385
Fax 678.553.2386
cohenl@gtlaw.com

October 8, 2021

**FILED VIA ECF**
Honorable G. Murray Snow
United States District Court for District of Arizona
The Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, AZ 85003

    Re:    *Courkamp v. Mattel, Inc. and Fisher-Price, Inc.*

Dear Judge Snow:

    We write on behalf of Defendants Mattel, Inc. ("Mattel") and Fisher-Price, Inc. ("Fisher-Price") (collectively, "Defendants") in accordance with the Court's June 18, 2021 Order (Dkt. 148) regarding Defendants' anticipated motion for summary judgment. Discovery in this matter is now closed and the record evidence provides the below bases for Defendants' motion for summary judgment.[1]

### 1. All of Plaintiff's claims fail under the applicable statutes of limitations.

    Under Arizona Revised Statute § 12-542, product liability claims must be filed within two years after the cause of action accrues. A cause of action accrues on the date of death—here, June 19, 2014. *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 423, 747 P.2d 581, 584 (Ariz. App. 1987). Plaintiff therefore had until June 20, 2016 to file her lawsuit, but instead filed on April 26, 2019—nearly three years after the statute of limitations expired. Additionally, Plaintiff's breach of express warranty claim is barred under Arizona's four-year statute of limitations. Ariz. Rev. Stat. § 47-2725. Breach of express warranty claims accrue "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach" and "[t]he discovery rule does not apply." *Moses v. Nordic Boats*, 2008 Ariz. App. Unpub. LEXIS 434, at *5 (Ariz. App. Oct. 16, 2008). Plaintiff's breach of express warranty claim therefore expired on June 19, 2018—nearly one year before Plaintiff filed her lawsuit in April 2019.

### 2. All of Plaintiff's claims fail because Plaintiff cannot establish causation.[2]

    Plaintiff must prove that a defect in the Rock 'n Play Sleeper caused Z.O.'s death. Summary judgment is appropriate when the "plaintiff's evidence does not establish a causal connection[.]" *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546, 789 P.2d 1040 (Ariz. 1990); *see also See Brown v. Sears, Roebuck & Co.*, 136 Ariz. 556, 560, 667 P.2d 750, 754 (Ariz. App. 1983) ("Before liability can be fixed, the plaintiff is required to prove . . . that plaintiff's injuries were proximately caused by the defect."). Here, Plaintiff has no competent or reliable expert testimony to a reasonable degree of scientific or medical certainty that an alleged defect in the Rock 'n Play Sleeper caused

---

[1] **Defendants intend to move to exclude all four of Plaintiff's experts' opinions under FRE 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and will file Motions to Exclude their opinions contemporaneously with their Motion for Summary Judgment.**
[2] **This includes Plaintiff's three enumerated causes of action in her complaint: (1) strict products liability; (2) negligence; and (3) breach of express warranty.**

Hon. G. Murray Snow
October 8, 2021
Page 2

Z.O.'s death. *Bailey v. Ethicon Inc.*, 2021 U.S. Dist. LEXIS 130075, at *24-25 (D. Ariz. July 12, 2021) (granting summary judgment in products liability case because none of plaintiff's experts provided competent and reliable opinions linking the alleged defect to plaintiff's injuries) (collecting cases). Indeed, another federal court has granted summary judgment in a case involving this product on the same bases. *See Goodrich v. Fisher-Price, Inc.*, Civil Action No. 1:16-CV-3116-TWT (N.D. Ga. Nov. 14, 2018). The objective medical evidence in this case shows that Z.O.'s death was consistent with Sudden Infant Death Syndrome ("SIDS") or Sudden Unexplained Infant Death ("SUID"), and not related to an alleged defect in the Rock 'n Play Sleeper. Plaintiff therefore cannot meet her burden of proof on any of her claims, and summary judgment is appropriate. Additionally, Plaintiff's unforeseeable misuse of the product was an intervening cause of Z.O.'s death and breaks the chain of causation. *Jimenez v. Sears, Roebuck & Co.*, 183 Ariz. 399, 410, 904 P.2d 861, 872 (Ariz. 1995) ("[W]henever there is misuse, the defendant can never proximately cause the injury because it is unforeseeable.").

### 3. All of Plaintiff's claims fail for lack of reliable expert testimony to prove that the Rock 'n Play Sleeper was defective.[3]

All of Plaintiff's claims rest on her allegation that the Rock 'n Play Sleeper was defective. Proof of a defect requires competent and reliable expert testimony to a reasonable degree of scientific or medical certainty under Arizona law. *See, e.g., Woodward v. Chirco Constr. Co.*, 141 Ariz. 520, 522, 687 P.2d 1275, 1277 (Ariz. App. 1984). Absent expert testimony on this issue, summary judgment is appropriate. Here, Plaintiff has no competent or reliable expert testimony that the Rock 'n Play Sleeper was defective. Plaintiff therefore cannot meet her burden of proof on any of her claims, and summary judgment is appropriate.[4]

### 4. Plaintiff's punitive damages claim fails because all of Plaintiff's underlying claims fail and because Plaintiff cannot prove through "clear and convincing" evidence that Defendants acted with an "evil mind."

Because Plaintiff's underlying causes of action fail, her claim for punitive damages also fails. Additionally, Plaintiff's punitive damages claim fails substantively because Arizona law requires "clear and convincing" evidence of an "evil mind" by Defendants to support an award of punitive damages. *Thompson v. Better—Bilt Aluminum Prods. Co.*, 171 Ariz. 550, 832 P.2d 203, 211 (Ariz. 1992). "A tortfeasor manifests an 'evil mind' if he either 'intended to injure the plaintiff' or 'consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.'" *Quintero v. Rodgers*, 221 Ariz. 536, 541, 212 P.3d 874, 879 (Ariz. App. 2009). Plaintiff has no evidence to meet this heightened standard.

We will be prepared to discuss Defendants' anticipated motion for summary judgment with the Court during the parties' pre-motion conference.

With best regards.

---

[3] **This includes Plaintiff's three enumerated causes of action in her complaint: (1) strict products liability; (2) negligence; and (3) breach of express warranty.**

[4] To the extent Plaintiff is alleging an independent claim of negligent testing, that claim is not recognized in Arizona. *See St. Clair v. Nellcor Puritan Bennett LLC*, 2011 U.S. Dist. LEXIS 128842, at *23-27 (D. Ariz. Nov. 7, 2011).

Hon. G. Murray Snow
October 8, 2021
Page 3

                              Very truly yours,

                              Lori G. Cohen

cc:   All Counsel of Record (*via ECF*)

GREENBERG TRAURIG, LLP ■ Attorneys at Law ■ www.gtlaw.com
Terminus 200 Building, 3333 Piedmont Road NE, 25th Floor, Atlanta, Georgia 30305 ■ Tel: 678.553.2100 ■ Fax 678.553.2212