# **EXHIBIT D**

Electronically Filed
7/21/2015 4:02:29 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Cause No.: **C-3118-15-A**

| | | |
|---|---|---|
| LILIANA CORONADO TORRES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAYANA CORONADO-TORRES AND JOSE RIGOBERTO ARIAS *plaintiffs,* | § § § § § § § § § | IN THE DISTRICT COURT |
| v. | § § § | _____ JUDICIAL DISTRICT |
| IMPERIAL MANUFACTORY LIMITED, TSUEN LEE METALS & PLASTIC TOYS COMPANY LIMITED ALSO KNOWN AS TSUEN LEE METALS & PLASTIC TOYS CO., LTD., FISHER-PRICE, INC. AND MATTEL, INC. *defendants* | § § § § § § § § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come LILIANA CORONADO TORRES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAYANA CORONADO-TORRES and JOSE RIGOBERTO ARIAS (hereinafter "Plaintiffs") complaining of Defendants IMPERIAL MANUFACTORY LIMITED, TSUEN LEE METALS & PLASTIC TOYS COMPANY LIMITED ALSO KNOWN AS TSUEN LEE METALS & PLASTIC TOYS CO., LTD., FISHER-PRICE, INC. AND MATTEL, INC. (hereafter at times referred to as "Defendants") and in support thereof would respectfully show the Court as follows:

### I.

### Discovery Control Order

1. This case is filed and Plaintiffs intend to conduct discovery pursuant to Section 190.4 (Level 3) of the Texas Rules of Civil Procedure.

Electronically Filed
7/21/2015 4:02:29 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-3118-15-A

## II.

### Parties

2. Plaintiff LILIANA CORONADO TORRES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAYANA CORONADO-TORRES resides in Villa Nuevo Progreso, Tamaulipas, Mexico.

3. Plaintiff JOSE RIGOBERTO ARIAS resides in Tamaulipas, Mexico.

4. Defendant IMPERIAL MANUFACTORY LIMITED (hereinafter at times referred to as "Imperial") is a foreign corporation which is incorporated under the laws of the country of China, and which maintains its corporate headquarters in China. Imperial is a non-resident, foreign corporation which does not maintain a regular place of business in Texas or a designated agent in Texas upon whom service of process may be effectuated. Moreover, the claims pursuant to which Plaintiffs have sued Imperial herein are the result of business purposefully done in Texas by Imperial and are the result of a tort committed, in whole or in part, in Texas by Imperial, and with respect to which Imperial is a party defendant herein. Defendant may be served with process by serving: Kwong Ming Cheung, Rm 301 3/F Crown Industrial Bldg. 106 How Ming St. Kwun Tong Kln, Hong Kong, China.

5. Defendant TSUEN LEE METALS & PLASTIC TOYS COMPANY LIMITED ALSO KNOWN AS TSUEN LEE METALS & PLASTIC TOYS CO., LTD. (hereinafter at times referred to as "Tsuen Lee") is a foreign corporation which is incorporated under the laws of the country of China, and which maintains its corporate headquarters in China. Tsuen Lee is a non-resident, foreign corporation which does not maintain a regular place of business in Texas or a designated agent in Texas upon whom service of process may be effectuated. Moreover, the claims pursuant to which Plaintiffs have sued Tsuen Lee herein are the result of business purposefully done in Texas by Imperial and are the result of a tort committed, in whole or in

Electronically Filed
7/21/2015 4:02:29 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-3118-15-A

part, in Texas by Tsuen Lee, and with respect to which Tsuen Lee is a party defendant herein. Defendant may be served with process by serving: Kwong Ming Cheung, RM 303-4 3/F Crown Ind Bldg. 106 How Ming St. Kwun Tong Kln, Hong Kong, China.

6. Defendant FISHER-PRICE, INC. (hereinafter at times referred to as "Fisher Price") is a Delaware corporation with its principal place of business in New York. Defendant Fisher Price is and was at all times material hereto doing business in the State of Texas, in that its products have been sold to and used in Texas. Defendant Fisher Price is a non-resident Defendant who engages in business in Texas and does not maintain a regular place of business or a designated agent for service of process in Texas. Under C.P.R.C. § 17.044(b), the Texas Secretary of State may be the agent for service. Fisher Price does not maintain a regular place of business in Texas or does not have a designated agent for service of process in Texas. Fisher Price has engaged in business and torts in Texas and the claims against it in this Petition arise out of Fisher Price's business and torts in Texas. Defendant Fisher Price may be served with process by serving its registered agent: CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

7. Defendant MATTEL, INC. (hereinafter at times referred to as "Mattel") is a Delaware corporation with its principal place of business in California. Defendant Mattel is and was at all times material hereto doing business in the State of Texas, in that its products have been sold to and used in Texas. Defendant Mattel is a is a non-resident Defendant who engages in business in Texas and does not maintain a regular place of business or a designated agent for service of process in Texas. Under C.P.R.C. § 17.044(b), the Texas Secretary of State may be the agent for service. Mattel does not maintain a regular place of business in Texas or does not have a designated agent for service of process in Texas. Mattel has engaged in business and torts in Texas and the claims against it in this Petition arise out of Mattel's business and torts in Texas. Defendant Mattel may be served with process by serving the Secretary of State of Texas who will

Electronically Filed
7/21/2015 4:02:29 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-3118-15-A

furnish such citation by certified mail, return receipt requested to: Christopher A. Sinclair, Chief Executive Officer, 333 Continental Boulevard, El Segundo, California, 90245.

### III.

### Venue & Jurisdiction

8. Venue of this cause is proper in Hidalgo County, Texas pursuant to Tex. Civ. Prac. & Rem. Code, § 15.002(a)(1), in that the incident giving rise to this lawsuit occurred in Hidalgo County, Texas.

9. This court has subject matter jurisdiction of this cause because the incident made the basis of this suit took place in Hidalgo County, Texas and the actions of Defendants leading to the Plaintiffs' damages took place in Hidalgo County, Texas and because the amount in controversy exceeds the minimum jurisdictional limits of this court.

10. This court has personal jurisdiction over Defendants because each does and has done business in Texas by committing a tort in whole or in part in this State, by entering into contracts with Texas residents to be performed in whole or in part in Texas, and by other acts that constitute doing business in Texas. In addition, Defendants have engaged in continuous and systematic contacts with the State of Texas so as to warrant the exercise of personal jurisdiction over them in Texas.

11. <u>NO FEDERAL COURT JURISDICTION</u>. Plaintiffs are Mexican citizens, are not resident-aliens and do not maintain residency in Texas. There is no diversity of citizenship among the parties in that the presence of foreign parties on both sides of the litigation destroys complete diversity. No federal question jurisdiction exists in that there is no allegation of the violation of any federal statute, regulation or rule.

Electronically Filed
7/21/2015 4:02:29 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-3118-15-A

## IV.

### Factual Allegations

12. On or about October 19, 2013, Liliana Coronado Torres and her daughter Dayana Coronado Torres were visiting Liliana's brother in Hidalgo County, Texas. That night, Liliana woke up as usual to tend to her daughter Dayana who was lying in her Rock N Play Sleeper. When she approached her daughter she noticed that she was not breathing. Dayana Coronado Torres was asphyxiated while lying on the sleeper. The subject sleeper was an unsafe sleep environment despite the name given. The subject sleeper is manufactured by Imperial and Tsuen Lee and marketed and sold in the United States by Fisher Price and Mattel.

## V.

### Causes of Action

13. At the time the sleeper in question left the possession of Defendants, it was defectively designed. As such, Defendants are strictly liable to Plaintiffs for placing the unreasonably dangerous sleeper into the stream of commerce. Such defects include, but are not limited to the following:

    (a) the sleeper in question was not designed in a manner which would prevent, or reduce the likelihood of a child asphyxiating while sleeping; and

    (b) the sleeper in question was not designed in a manner which would prevent or reduce the likelihood of a child's face being covered by the sleeper's cushion.

14. At the time the subject sleeper left the possession of Defendants, there was defect in the marketing of the subject sleeper. As such, the Defendants are strictly liable to Plaintiffs for placing the unreasonably dangerous sleeper into the stream of commerce. Such defects include, but are not limited to:

    (a) the sleeper in question was marketed as a "sleeper" for use with

Electronically Filed
7/21/2015 4:02:29 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-3118-15-A

"newborns"; and

(b) the sleeper in question had inadequate warnings relating to its use as a sleeper for newborns.

15. Plaintiffs would further show that Defendants were negligent in the design and marketing of the sleeper in question. Defendants knew, or in the exercise of ordinary care should have known that the sleeper in question was defectively designed and marketed as described above.

16. The acts and/or omissions of Defendants described above were the producing cause of the incident in question, the death of Plaintiffs' decedent and all resulting damages as set forth below.

17. The sleeper in question and its relevant component parts were manufactured and marketed by Defendants. Defendants, by and through the sale of the subject sleeper, expressly and impliedly warranted to the public generally and to the Plaintiffs specifically, that the sleeper in question was fit for the purposes for which they were intended. Plaintiffs made use of the sleeper as alleged herein, and relied on the express and implied warranties. Contrary thereto, the sleeper in question was not fit for its intended use, rendering the product in question unreasonably dangerous. Defendants breached the express and implied warranties by designing the sleeper so as to make it unreasonable dangerous for a newborn to sleep on it, and the improper marketing as the Defendants' failure to warn about the dangers that the sleeper presented to newborns.

Electronically Filed
7/21/2015 4:02:29 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-3118-15-A

## VI.

## Damages

18. Plaintiff LILIANA CORONADO TORRES, is entitled to damages in excess of the jurisdictional minimum limits of this court for the wrongful death of her daughter, DAYANA CORONADO TORRES. These damages include past and future:

    (a) Loss of the care, maintenance, support, advice, counsel and responsible contributions of pecuniary value that the decedent, in reasonable probability would have provided had she lived;

    (b) Loss of companionship and society; and

    (c) Mental anguish due to the death of her daughter.

19. Plaintiff JOSE RIGOBERTO ARIAS, is entitled to damages in excess of the jurisdictional minimum limits of this court for the wrongful death of his daughter, DAYANA CORONADO TORRES. These damages include past and future:

    (a) Loss of the care, maintenance, support, advice, counsel and responsible contributions of pecuniary value that the decedent, in reasonable probability would have provided had she lived;

    (b) Loss of companionship and society; and

    (c) Mental anguish due to the death of his daughter.

20. Plaintiff LILIANA CORONADO TORRES as representative of the ESTATE OF DAYANA CORONADO TORRES, deceased, is entitled to recover actual or compensatory damages on behalf of Estate for the physical pain and mental anguish suffered by DAYANA CORONADO TORRES, prior to her death, for the reasonable cost of funeral, burial, and related expenses for DAYANA CORONADO TORRES, and for all other actual damages to which the Estate is entitled under the Texas Survival Statute. Such damages exceed the

C-3118-15-A

jurisdictional minimum of this court. No administration of this estate is pending and none is necessary in that Plaintiffs are the sole heirs and there are no debts against the estate. Plaintiff sues Defendants for said actual damages.

21. Pursuant to T.R.C.P. 47, Plaintiffs are seeking monetary relief over $1,000,000.

## VII.

### Jury Demand

22. Plaintiffs have made application and demand for trial by jury, and have tendered the fee in the amount of $30.00 in compliance with the provisions of Rule 216 of TEX. R. CIV. P.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer in this cause, and that upon final trial hereof, Plaintiffs recover judgment against Defendants for their actual damages in an amount within the jurisdictional limits of this Court, together with pre-judgment interest thereon at the maximum legal or equitable rate; for post-judgment interest on the amount of the judgment at the maximum rate allowed by law; for recovery of costs of court; and for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Electronically Filed
7/21/2015 4:02:29 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

C-3118-15-A

Respectfully submitted,

**ESCOBEDO & CARDENAS, L.L.P.**
3700 N. 10TH Street, Suite 210
McAllen, Texas 78501
Telephone:(956) 630-2222
Telecopier:(956) 630-2223

BY:  /s/Joe Escobedo
    Joe Escobedo
    State Bar No. 06665850
    Luis Cardenas
    State Bar No. 24001837
    **ATTORNEY FOR PLAINTIFFS**

C-3118-15-A