# **EXHIBIT 26**

**GOLDBERG & OSBORNE**
698 E. Wetmore Road, Suite 200
Tucson, Arizona 85705
(520) 620-3975

John E. Osborne, Esq.
State Bar #07085
PCC #44004
josborne@goldbergandosborne.com

William C. Bacon, Esq.
State Bar #04895
PCC #02320
wbacon@goldbergandosborne.com

Kristin J. Schriner, Esq.
State Bar #026631
PCC #66200
kschriner@goldbergandosborne.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Kathleen Courkamp, for herself and on behalf of other statutory beneficiaries, | No: CV-19-02689-GMS |
|---|---|
| Plaintiff, | **PLAINTIFF KATHLEEN COURKAMP'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** |
| vs. | |
| Fisher-Price, Inc., a foreign corporation; Mattel, Inc., a foreign corporation. | |
| Defendants. | |

## **Plaintiff's General Objections:**

Plaintiff objections generally to any scope beyond the time of conception of Z.O. to three years following the death of Z.O.

Plaintiff objects to the definition of "you" as including retained experts, consulting experts and Plaintiff's attorneys. Plaintiff will provide information known to him or her. Plaintiff is verifying on behalf of herself and her knowledge.

Plaintiff objects to the extent that any request seeks attorney-client communications, attorney-work product, and disclosure of communications with consulting and retained experts, as well as premature expert disclosure.

## INTERROGATORIES

**INTERROGATORY NO. 1**

As to Plaintiff and Decedent, please state their full name, any other names by which they may have been known, their date of birth, their social security number, and addresses where they resided during the past ten years – including full addresses and dates of occupancy at said addresses.

**ANSWER:**

**Name: Kathleen Angela Courkamp – Maiden name Lawton**
**DOB: 10/10/1993**
**Plaintiff objects to the disclosure of her social security number as irrelevant, and in violation of A.R.S. §44-1373.**

**Z.O.**
**DOB: 09/30/2013**
**Plaintiff objects to the disclosure of her daughter's social security number as irrelevant, and in violation of A.R.S. §44-1373.**

**Before the birth of Z.O., Ms. Courkamp lived at the following addresses:**

**8618 N. 67th Dr.**
**Peoria, AZ 85345**

**8256 N. 112th Ave**
**Peoria, AZ 85345**
**Moved to Colorado and don't know address then moved back to 112th**
**(Approximately 2011- 2014)**

**Olive Tree Apt with Z.O. on 63rd and Olive**
**(Jan. 2014 – June 2014, don't know address)**

2

**After Z.O. passed, moved out of the Apt.**
**5927 W. Yucca Ave.**
**Glendale, AZ 85304**

**6557 W. Puget Ave**
**Glendale, AZ 85302**
**(2015 – Feb. 2016)**

**2011 E. Van Buren St., Apt. 3**
**Colorado Springs, CO 80909**
**(Feb. 2016 – Jan. 2017)**

## INTERROGATORY NO. 2

State Plaintiff's occupation(s) for the last ten years, and for each job or position, Identify the name and address of each employer, the name(s) of all immediate supervisors, the rate of compensation, the hours worked, and the reason(s) for leaving (if applicable).

## ANSWER:

**Notwithstanding the general objection listed above regarding the temporal scope of 10 years:**

**Black Angus 75th Ave. and Bell Rd. Glendale, AZ #623-878-6200 (from 2010 to 2012)**

**General Manager: Andy; Hours: worked 25 hours a week (was in high school); Reason for leaving: needed more hours.**

**Einstein Bagels 75th Ave. and Bell Rd Glendale, AZ # 623-277-4261 (2012)**

**General Manger: Barry, worked 40 hours a week, reason for leaving: moved to Colorado.**

**Subway.**

**Katie worked at Subway in around January 2013, for approximately three months.**

3

**Applebee's 59th Ave. and Peoria, Glendale, AZ**

During Z.O.'s life Katie worked at Applebee's as a server from approximately December 2013 to August 2014 (took approximately one month off after Z.O.'s death and returned sometime in July; worked a couple serving shifts but couldn't do it anymore and left the job). Worked 30 hours a week. Manager Angela # 623-878-3500.

**Valley Child Care and Learning Center 51st and Union Hills, Glendale AZ.**

Manager: Cindy #602-439-2700 worked 40 hours a week. Reason for leaving: desired higher pay, and it was difficult to work at a daycare Z.O.'s attended. Dates of employment were approximately July 2014 to March 2015.

**Tutor Time 67th and Peoria, Glendale AZ.**

Manager: Charlene #623-572-0080; worked 40hrs a week. Reason for leaving: Katie wanted to try something different outside of childcare to see if her mental health would improve. Dates of employment were March 2015 to April 2016. Reason for leaving: Moved to Colorado.

**Abba Eye Care 7975 Fountain Mesa Rd. CO 80817.**

Manager: Randy #719-573-2020; Reason for leaving: Moved back to Arizona. Dates of employment May 2016 to April 2017.

**United Healthcare.**

Katie worked at United Healthcare from April 2017 to August 2017.

**TriWest 15810 N 28th Ave, Phoenix AZ 85053 (Present employer)**

Supervisor: Joe, 55-722-2838; works 40 hrs. a week.

4

**INTERROGATORY NO. 3**

Describe the educational background of the Decedent's parents, specifically stating the dates of attendance for all high schools and universities or colleges attended, any post-graduate education, any vocational training, and/or any other education, training, or certificates received from each school or institution.

**ANSWER:**

**Ms. Courkamp will answer on behalf of herself:**

**Cactus High School 2008 to 2011**
**The Skin and Makeup institute of Arizona 2011 to 2012**
**Glendale Community College 2013 to 2018 AS in Arts**
**Northern Arizona University 2019 currently attending.**

**INTERROGATORY NO. 4**

Identify and describe any and all health problems, conditions, illnesses, infirmities, maladies, limitations, and/or disabilities that the Decedent experienced at any time prior to the June 19, 2014 incident described in the Complaint, and Identify the Healthcare Provider or Healthcare Facility from whom the Decedent received medical care, treatment, advice or consultation.

**ANSWER:**

**Plaintiff interprets health problems as serious health issues requiring medical intervention and treatment. Z.O. suffered from no serious health conditions.** *See* **records from Dr. Cleary, previously disclosed regarding the general health of Z.O., including information relating to allergies, growth, teething etc.**

**Shortly after Z.O.'s birth, Z.O. underwent an echocardiogram. The results were normal. See pediatric records from Dr. Cleary previously disclosed.**

5

**INTERROGATORY NO. 5**

List by brand or generic name any medications, whether prescription, over-the-counter, herbal remedies or supplements, legal or illegal, or other medications taken by the Decedent at any time preceding her death, and for each medication state the time period during which the Decedent was taking such medication, the prescribing physician, and where you purchased such medications or filled such prescriptions.

**ANSWER:**

**Z.O. did not take any prescriptions or medications that Katie Courkamp can recall.**

**INTERROGATORY NO. 6**

Identify each of the Decedent's health insurer(s) during the time preceding her death and the named insured for each such insurance policy under which the Decedent received health insurance benefits during the time preceding her death.

**ANSWER:**

**Plaintiff objects on the grounds of relevance as health insurance, or the existence of insurance, is an inadmissible collateral source. Subject to this objection, Z.O. would have been insured through Katie Courkamp. Katie Courkamp's insurance providers have been the following: AHCCCS Mercy Care and Tricare Prime.**

**INTERROGATORY NO. 7**

State whether anyone in your family, including your extended family, experienced Brief Resolved Unexplained Event (BRUE), Apparent Life-Threatening Event (ALTE), Sudden Infant Death Syndrome (SIDS), Sudden Unexpected Infant Death (SUID), and/or any other genetic health problems, conditions, illnesses, infirmities, maladies, limitations, and/or disabilities regarding sleep or breathing disorders. If so, please Identify the relative by name,

date of birth, last known address, relationship to you (*e.g.*, aunt, cousin, etc.) and each Healthcare Provider or Healthcare Facility who provided medical care, treatment, advice or consultation in connection to the incident(s).

**ANSWER:**

**Although irrelevant to any claim or defense in this case, sometime in the 1980's Katie Courkamp's father's pregnant wife was killed in a car crash, which also resulted in the death of the fetus she was carrying.**

**INTERROGATORY NO. 8**

Please Identify (by date, time, location, and photographer or videographer) all pictures or videos related to the subject litigation, including, but not limited to, Decedent's injuries, damages, medical conditions, or physical conditions from September 30, 2013 to present, as well as any injuries, damages, medical conditions, or physical conditions claimed by Plaintiff. Please state whether the picture or video was captured by a traditional camera, digital camera, video camera, web cam or camera function of a cellular phone, personal digital assistant, or other computer device.

**ANSWER:**

**Plaintiff objects to the request as overbroad. This request seeks "all pictures or videos related to the subject litigation." This is extremely broad, vague and difficult to interpret as it is unclear if it is also requesting all of Fisher-Price and Mattel's disclosed documents. Katie Courkamp will respond with documents relevant to Z.O. and herself subject to the general objections.**

**Plaintiff has already disclosed all photos taken by the investigating agencies and the medical examiner that she has received in her MIDP responses and supplemental MIDP responses.**

**Plaintiff is disclosing simultaneously with these responses (in Plaintiff's third supplemental MIDP responses) photos of her life with Z.O., and photos of her life following**

7

the death of Z.O., including visits to Z.O.'s grave site and the memorial Katie created in honor of Z.O. These photos were taken by Katie Courkamp, her family and her friends.

**INTERROGATORY NO. 9**

If any current or former employee of Fisher-Price or Mattel has ever made any statement or Communication related to the Product or the subject of your claims in this lawsuit, including, but not limited to, any statement or Communication that you contend constitutes an admission of fault, negligence, or responsibility for the claims that are the subject of this lawsuit, or that you contend could be construed in any way to support any of the allegations contained in the Complaint, describe in reasonable detail: each such statement or Communication, who made it, when and where it was made, what was said, and who was present.

**ANSWER:**

This case is at the beginning of discovery. The Defendants have failed to produce significant relevant information and produced zero documents in response to numerous requests for production. Much of the responsive information is within the files of the Defendants and has not yet been disclosed by Defendants.

Plaintiff will respond for documents and information other than that produced by Defendants in this litigation as that information is already in the possession and knowledge of the Defendants. If Plaintiff discovers information not already in the possession of the Defendants, Plaintiff will disclose information responsive to this request in supplemental MIDP responses. At this time, prior depositions and testimony, including exhibits, of Fisher-Price employees Michael Steinwachs, Kitty Pilarz and Linda Chapman contain information regarding the design of the product and its warnings, and the lack of proper research and testing. These documents are in the possession of the Defendants.

Plaintiff reserves the right to supplement this response through supplemental MIDP response. Plaintiff also anticipates that depositions taken in the case will contain relevant information responsive to this request.

**INTERROGATORY NO. 10**

If any Healthcare Provider or other Person, with or without medical training, has ever expressed to you or in your presence, or to your knowledge has ever expressed in the presence of some other Person, any opinion related to the cause of the death of the Decedent, including but not limited to that any agent, employee, or representative of Defendants acted inappropriately or otherwise caused or were responsible for the incident alleged in your Complaint, or that you contend could be construed in any way to support the allegations of your Complaint, describe in reasonable detail as to each such expression or opinion: who made it, where and when it was made, what opinion was expressed, and who was present.

**ANSWER:**

**Plaintiff objects to the extent this interrogatory seeks premature disclosure of expert opinions, information related to consulting expert, or information protected from disclosure pursuant to Fed.R.Civ.P. 26(b)(4)(C). Plaintiff also objects to the extent this request seeks client attorney communication.**

**Subject to these objections and the general objections listed above, no person has given an opinion on the cause of Z.O's death to Katie Courkamp.**

**INTERROGATORY NO. 11**

Please Identify by name, date of birth, and place of birth, any siblings of the Decedent and describe any and all health problems, conditions, illnesses, infirmities, maladies, limitations, and/or disabilities that the Decedent's siblings experienced at any time prior to or after the June 19, 2014 incident described in the Complaint.

**ANSWER:**

**Plaintiff objects to this request as overly broad and irrelevant as it requests confidential medical information protected by HIPPA regarding minors that are not parties to this suit. It is also overly broad to the extent it requests information unrelated to asphyxiation, suffocation, SIDS, conditions of the airways, or conditions related to Z.O.'s**

death. Ms. Courkamp has not, and does not intend to waive the confidentiality of the medical records of minors unrelated to this lawsuit. Her minor children are not parties to this suit, and both have lived beyond one year of age. Plaintiff will respond to any genetic conditions that could cause a child to stop breathing, or any medical conditions in which her children stopped breathing, or were found unresponsive.

**Declan James Sersig; February 25, 2017, he has suffered no health issues.**

**Lemuel Liam Courkamp; May 15, 2018; he has suffered no health issues.**

**INTERROGATORY NO. 12**

Identify the user name, registration information, account detail and/or any other identifying information for all Social Media accounts and email accounts maintained by either Plaintiff or in the Decedent's name from September 2013 through the present on which there are any Communications, entries, or postings relating to the Decedent and/or to any allegations and claims asserted in the Complaint.

**ANSWER:**

Katie Courkamp maintains a Facebook page under her name.

Katie has an Instagram account under the name Mamakayys.

Katie has posted about her grief on these accounts. Those posts are being produced simultaneous with these responses in Plaintiff's Third Supplemental MIDP Responses.

**INTERROGATORY NO. 13**

State whether, other than the claims made in this civil action, you have ever been party to any lawsuit? If so, describe fully and indicate as to each: the date, place, and a brief description of the occurrence giving rise to the lawsuit; a brief description of any alleged injuries suffered or damages sought; the name of the individual or entity adverse to you; the county, style and identifying numerical designation of any lawsuit, claim, or proceeding; and the disposition of the claim, lawsuit or proceeding.

10

**ANSWER:**

None.

**INTERROGATORY NO. 14**

State whether you have ever pled guilty, *nolo contendere*, or have ever been found guilty of any felony, misdemeanor or other crime. In answering this Interrogatory, identify for each felony, misdemeanor, or other crime: (a) the nature of the offense; (b) the date of the offense; (c) the jurisdiction in which each offense was prosecuted, and (d) the sentence or other disposition made in connection with any offenses identified in response to this Interrogatory.

**ANSWER:**

None.

**INTERROGATORY NO. 15**

Identify the model and serial number of the Product.

**ANSWER:**

**The Rock 'n Play is currently in an evidence bag packaged by the Tempe Police Department. The Rock 'n Play is being stored at the offices of Ms. Courkamp's counsel. Plaintiff's counsel can open the evidence bag and inspect the Rock 'n Play for the serial number if Defendants provide written consent that they have no objection to Plaintiff's counsel doing this. In the alternative, the parties can arrange an inspection at an agreed upon time.**

**INTERROGATORY NO. 16**

Please state with specificity how you acquired the Product. If you purchased the Product, please identify from whom you purchased the Product, the date of purchase, and any Documents related to your purchase of the Product.

**ANSWER:**

**The product was a gift from Sarah Olson (Andrew's mom).**

**INTERROGATORY NO. 17**

Identify any and all daycare centers or caretakers that provided child and/or infant care services to the Decedent.

**ANSWER:**

**Valley Childcare and Learning Center.**

DATED this 10th day of December, 2019.

                                        GOLDBERG & OSBORNE LLP

                                        By:*/s/Kristin J. Schriner*
                                              John E. Osborne, Esq.
                                              William C. Bacon, Esq.
                                              Kristin J. Schriner, Esq.
                                              Attorneys for Plaintiff

Copy of the foregoing was emailed this 10th day of December, 2019, to:

Nicole M. Goodwin
Aaron T. Lloyd
GREENBERG TAURIG, LLP
2375 E. Camelback Road, Ste. 700
Phoenix, AZ  85016
(602) 445-8000
goodwinn@gtlaw.com
lloyda@gtlaw.com

GOLDBERG & OSBORNE
698 E. Wetmore Road, Suite 200
Tucson, AZ 85705
(520) 620-3975

12

Lori G. Cohen (*pro hac vice*)
GREENBERG TRAURIG, LLP
3333 Piedmont Road NE, Ste. 2500
Atlanta, GA  30305
(310) 553-2100
cohenl@gtlaw.com

Mary-Olga Lovett (*pro hac vice*)
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, TX 77002
*lovettm@gtlaw.com*

By: */s/ Karen M. Giacoletti*

PLAINTIFF'S DECLARATION PURSUANT TO FRCP §1746(1)

Kathleen Courkamp, declares, under penalty of perjury, that to the best of my knowledge, Kathleen Courkamp's Responses to Defendants' First Set of Interrogatories are true and correct, and, as to matters stated upon information and belief, I believe them to be true.

EXECUTED this __2__ day of __January__, 20__20__.

_Kathleen Courkamp_ (signature)
Kathleen Courkamp