**GOLDBERG & OSBORNE**
698 E. Wetmore Road, Suite 200
Tucson, Arizona 85705
(520) 620-3975

John E. Osborne, Esq.
State Bar #07085
PCC #44004
josborne@goldbergandosborne.com

William C. Bacon, Esq.
State Bar #04895
PCC #02320
wbacon@goldbergandosborne.com

John A. Musacchio, Esq.
State Bar #037255
jmusacchio@goldbergandosborne.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Kathleen Courkamp, for herself and on behalf of other statutory beneficiaries, | No: 19-CV-02689-GMS |
|---|---|
| Plaintiff, | |
| vs. | **MOTION TO SUPPLEMENT RECORD IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| Fisher-Price, Inc., a foreign corporation; Mattel, Inc., a foreign corporation. | |
| Defendants. | |

Plaintiff, by and through counsel and pursuant to Rules 7(b) and 56(e), Fed.R.Civ.P. and this Court's Order dated February 4, 2022, hereby moves to supplement the record to provide additional citations to, and admissible depositions and documents supporting, the genuine issues of material fact already set forth in Plaintiff's Statement of Facts. The supplementation sought is set forth in the attached "Proposed Supplements to the Record" attached as Exhibit B. Defendants have also not yet identified the location of additional documents, which Plaintiff

here lists and notifies the Court should also be supplemented to the record when produced or located by Defendants in their existing production of documents to Plaintiff.[1]

Plaintiff filed her Statement of Facts and Controverting Statement of Facts to Defendants' Motion for Summary Judgment ("PSOF") on January 7, 2022, and Plaintiff's Amended Statement of Facts and Controverting Statement of Facts ("PASOF") to correct scrivener's errors on January 20, 2022. *See Notice of Scrivener's Errors (*Doc. 222) filed January 18, 2022.

The PASOF relies heavily on the *Staff Report, Committee on Oversight & Reform, Infant Deaths in Inclined Sleepers, Fisher-Price's Rock 'n Play Reveals Dangerous Flaws in U.S. Product Safety,* U.S. House of Representatives (June 2021), copy attached to the PASOF as Exhibit 8 ("CPSC Congressional Report").

Plaintiff now seeks to supplement the record to add the source documents upon which the CPSC relied in creating the CPSC Congressional Report. These source documents will assist the interests of justice given the requirements of Rule 56(c)(1), Fed.R.Civ.P., that, "A party asserting that a fact … is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record including depositions, documents, electronically stored information … ." *Id.* Otherwise, "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible at trial." *Id.,* Rule 56(c)(2), Fed.R.Civ.P.

Plaintiff has spent many, many hours seeking to locate the supplemental documents from the CPSC Congressional Report in Defendant's massive production during disclosure and responses to written discovery. When this effort proved fruitless in part, Plaintiff's counsel sought the location of the documents in the disclosure and discovery materials directly from Defendants.[2] *See Emails re: Document Locations*, copy attached as Exhibit A.

---

[1] Plaintiff noted for the Court its inability to find documents cited in the CPSC Congressional Report in Defendants' production in this case in Plaintiff's Amended Statement of Facts (Doc. 224), for example at Paragraph 87, footnotes 2 and 3, Paragraph 115, and Paragraph 131.

[2] Notably, the Defendants used different reference numbers when they produced these multiple documents during the CPSC Congressional investigation. Those reference numbers do not correspond in any way to the Bates Stamp numbers in the Defendants' multiple productions in this case. Therefore, Plaintiff could not determine which of the approximately 1.5 million documents that the Defendants' produced in this case (or which of the multiple drafts and versions of each document) were cited in the CPSC Congressional Report until Defendants provided this information.

On the positive side, Plaintiff (with Defendants' assistance) located the majority of source documents relied upon by the CPSC Congressional Report.

On the negative side, Plaintiff has not yet located the following important original documents relied upon in the CPSC Congressional Report in Defendants' disclosure and discovery responses despite Plaintiff's email requests for assistance from the Defendant:

1. The June 2021 CPSC Congressional Report;[3]
2. Statement of Mattel CEO Ynon Kreiz to Congress dated June 7, 2021;
3. Statement of Chuck Scothon, Senior Vice President and General Manager, Fisher-Price Global Head of Infant and Preschool, Mattel Inc., to Congress, dated June 7, 2021;
4. Committee on Oversight and Reform, Transcribed Interview of Duane Boniface (Sept. 9, 2020), cited at fns. 11 and 15 of the CPSC Congressional Report;
5. Briefing from Nancy Cowles to Staff, Committee on Oversight and Reform (Aug. 5, 2020), cited at fn. 14 of the CPSC Congressional Report;
6. Email from Christopher Hudgins, Consumer Product Safety Commission, to Staff, House Committee on Oversight and Reform (Sept. 14, 2020), cited at fn. 19 of the CPSC Congressional Report;
7. Committee on Oversight and Reform, Transcribed Interview of Catherine Pilarz (Aug. 13, 2020), cited at fn. 24 of the CPSC Congressional Report;
8. Committee on Oversight and Reform, Transcribed Interview of Ian Johnston (Sept. 25, 2020), cited at fn. 51 of the CPSC Congressional Report; and
9. An unredacted copy of the Mattel/Fisher-Price email sequence with a consumer regarding her 15-week-old infant dying in an RNPS in September 2011, cited as Mattel_HCOR_005926, cited at fn. 63 of the CPSC Congressional Report.

*Exhibit A*, *Emails re: Document Locations*, Musacchio to Cohen et al. dated 1/19/22 & 2/2/22.

Defendants have further taken the position that certain documents, including the CPSC Congressional Report on the RNPS, were public documents and that they, therefore, were not

---

[3] Remarkably, Defendants even failed to produce a copy of the CPSC Congressional Report, which further frustrated Plaintiff's efforts to respond to Defendants' Motion for Summary Judgment.

3

obliged to provide them to Plaintiff through disclosure or responses to discovery; hence Defendants (apparently) did not disclose any documents that they unilaterally deem to be "public documents."

Plaintiff disagrees with Defendants' position. *See*, *e.g.*, *RTC Mortg. Trust 1994-S3 by Trotter Kent, Inc. v. Guadalupe Plaza*, 918 F.Supp. 1441, 1452 (D. N.M. 1996) (when "public" information at issue does not appear to be equally accessible to all parties because one party has greater knowledge than the other party, disclosure of public information is proper; defendant and its counsel would have greater knowledge of defendant's prior litigation than plaintiff).

Defendants have also taken the position that the documents Plaintiff seeks to supplement are irrelevant to this case. Plaintiff also finds no merit in this contention because the CPSC Congressional Report and its citations directly relate to the RNPS, its design deficiencies, Defendants' knowledge and conscious disregard of the hazard posed to infants by the RNPS when they roll into the prone or semi-prone position, and Defendants' income and profits from the RNPS, among only a few major issues in this case.

Cases cited by the Court in its February 4, 2022 Order demonstrate that the relief requested is justified under the applicable standards. *Udd v. City of Phoenix*, No. CV-18-01616-PHX-DWL, 2020 WL 1904638, at *2 (D. Ariz. Apr. 17, 2020); *Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist.*, No. 10-CV-00290 DAE-BGM, 2017 WL 2721437, at *3 (D. Ariz. Mar. 14, 2017). These cases stand for the proposition that, "In deciding whether to grant a motion to supplement the record, district courts consider whether the evidence the party is seeking to admit is relevant and also consider whether the motion is made in good faith and whether allowing supplementation would unfairly prejudice the non-moving party." *Udd*, *Id.*

The additional citations to the record are relevant, important to resolution of the summary judgment under Rule 56(e), Fed.R.Civ.P., and Plaintiff seeks supplementation in good faith. Plaintiff seeks to provide the Court with admissible evidence supporting the relevant points made in PASOF and related Opposition to Defendants' Motion for Summary Judgment.

4

Unfair prejudice could befall Plaintiff absent grant of supplementation. The original documents cited in the CPSC Congressional Report are the best available admissible evidence and important to this Court's resolution of the summary judgement motion. In addition, Plaintiffs would be at risk that if the facts presented in the record exist solely in a public report, the Court might rule the facts asserted inadmissible despite the public records exception to the hearsay rule, Rule 803(8), F.R.Evid.

No prejudice could befall the Defendants by grant of this Motion. Defendants have had adequate notice of the documents supplemented, most of which are their own documents or testimony given by their own employees about the very same key issues involved in this case. Plaintiff makes this Motion early in the deliberative process, and Defendants have full notice of the documents Plaintiff seeks to supplement.

Rule 56(e)1, Fed.R.Civ.P., provides, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), Fed.R.Civ.P., the court may: (1) give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e)(1), Fed.R.Civ.P. A district court has wide discretion to grant a party leave to supplement the record upon request in order that the court may obtain accurate information when making its ruling. *LimoStars, Inc. v. New Jersey Car and Limo, Inc.*, United States District Court, D. Arizona, 2011 WL 3471092, *3 note 5; *United States v. Maris,* 2011 WL 468554, * 5 n. 5 (D.Nev., Feb.4, 2011); *Mitchel v. Holder,* 2010 WL 816761, * 1 n. 1 (N.D.Cal., Mar.9, 2010); *Lumsden v. United States,* 2010 WL 2232946, * 1 (E.D.N.C., June 3, 2010).

Grant of this Motion will permit the Court better "to secure the just, speedy, and inexpensive determination" of the action in accordance with Rule 1, Fed.R.Civ.P., because it permits Plaintiff more ably to support its assertions of fact and the goal of a fair adjudication on the merits.

. . . .

Further, to the extent Plaintiff does not yet have the documents Plaintiff seeks from Defendant, the Court should permit further supplementation if and when Defendants disclose the listed information Plaintiff still seeks.

DATED this 7th day of February, 2022.

                                        GOLDBERG & OSBORNE

By: */s/John E. Osborne*
    John E. Osborne, Esq.
    William C. Bacon, Esq.
    John A. Musacchio, Esq.
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on the 7th day of February, 2022, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following participants of the CM/ECF System:

Nicole M. Goodwin
Aaron J. Lockwood
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Ste. 700
Phoenix, AZ 85016
(602) 445-8000
goodwinn@gtlaw.com
lockwooda@gtlaw.com

Lori G. Cohen (*pro hac vice*)
GREENBERG TRAURIG, LLP
3333 Piedmont Road NE, Ste. 2500
Atlanta, GA 30305
(310) 553-2100
cohenl@gtlaw.com

Mary-Olga Lovett (*pro hac vice*)
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, TX 77002
*lovettm@gtlaw.com*

By: */s/ John A. Musacchio*