Nicole M. Goodwin (SBN 024593)
Aaron J. Lockwood (SBN 025599)
**GREENBERG TRAURIG, LLP**
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Tel: (602) 445-8000
Facsimile: (602) 445-8100
goodwinn@gtlaw.com
lockwooda@gtlaw.com

Lori G. Cohen *(pro hac vice)*
Brandon D. Cox *(pro hac vice)*
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (310) 553-2100
Facsimile: (310) 553-2212
cohenl@gtlaw.com
coxb@gtlaw.com

Mary-Olga Lovett *(pro hac vice)*
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street, Suite 6700
Houston, TX 77002
Telephone: (713) 374-3541
Facsimile: (713) 754-7541
lovettm@gtlaw.com

*Attorneys for Defendants Mattel, Inc. and Fisher-Price, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kathleen Courkamp, for herself and on behalf of other statutory beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>Fisher-Price, Inc., a foreign corporation; Mattel, Inc., a foreign corporation,<br><br>Defendants. | No. 2:19-cv-02689-GMS<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE POST-INCIDENT ACTIONS BY GOVERNMENTAL AND PROFESSIONAL BODIES**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendants move *in limine* to exclude any evidence, testimony, reference, or argument about certain post-incident actions by governmental and professional bodies. On November 12, 2019—**five years after** Z.O.'s death and several months after Defendants voluntarily recalled the RNPS on April 12, 2019, the Consumer Product Safety Commission ("CPSC") published the Supplemental Notice of Proposed Rulemaking and later promulgated a final rule on infant sleep products ("2019 SNPR"), and in doing so sought to impose a 10-degree limit on inclined sleepers. This action was based, in large part, on an October 2019 CPSC commissioned study conducted by Dr. Erin Mannen—then an Assistant Professor of University of Arkansas's Department of Orthopedic Surgery—which concluded, without reliable and credible medical/scientific foundation, that the 30-degree incline of inclined sleepers like the RNPS posed a suffocation or asphyxiation hazard to infants ("Mannen Study"). This regulatory action from the CPSC later resulted in Congress passing the Safe Sleep for Babies Act in 2022, prohibiting the sale of inclined sleepers with an incline over 10 degrees, and the Updated Recommendations for Reducing Infant Deaths in Sleep Environment by the American Academy of Pediatrics in 2022 ("2022 AAP Recommendations"), advising against the use of inclined sleepers for infant sleep (collectively, the "Post-Incident Actions"). None of these actions was predicated on reliable scientific data sufficient to satisfy Fed. R. Evid. 702. And even to the extent such evidence could be deemed relevant (which it is not), it would mislead and confuse the jury and unduly prejudice Defendants as the jury would place undue weight on such government-based actions and risk their dereliction of duty to determine causation and other requisite elements of proof in this case. *See* Fed. R. Evid. 401, 403. It should be excluded.

## ARGUMENT

A. **The Post-Incident Government and AAP Actions Are Irrelevant.**

As an initial matter, the Post-Incident Actions have no relevance to this case as they all took place months to years **after** the RNPS was voluntarily recalled by Defendants—and at least **five years after** Z.O.'s death. None of these actions prove the

1

RNPS was defective **when it left Defendants' control**, whether it met accepted industry standards and was sold in compliance with applicable law, as required under Arizona law for Plaintiff to prevail on her claims. *See Rocky Mountain Fire and Cas. Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 292, 640 P.2d 851, 854 (Ariz. 1982). As such, this evidence should be excluded under Fed. R. Evid. 401. *See Yates v. Ford Motor Co.*, No. 5:12-CV-752-FL, 2015 U.S. Dist. LEXIS 64309, at *38 (E.D.N.C. May 11, 2015) (excluding evidence of post-exposure ban of chrysotile asbestos as it could not have placed defendant on notice); *see also Carrillo v. Star Tool Co.*, No. 14-04-00104-CV, 2005 WL 2848190 (Tex. Ct. App. Nov. 1, 2005) (holding that "[p]ost-even regulations are inadmissible" and stating "[p]ost-event policies are irrelevant to the industry standard on the date of the incident"). The Post-Incident Actions are therefore irrelevant and should be excluded. Fed. R. Evid. 401.

### B. The Post-Incident Actions Are Not Based on Reliable Scientific Data Required by Fed. R. Evid. 702 and Are Therefore Irrelevant.

Agency rulemaking need only satisfy the lenient arbitrary-and-capricious standard; trade associations need not even do that much. *See, e.g., Industrial Union Dep't v. American Petroleum Inst.*, 448 U.S. 607, 656 (1980) ("OSHA is not required to support its finding . . . with anything approaching scientific certainty[.]"). And Congress need not satisfy any quantum of scientific credibility before legislating on commercial matters. *Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1141 (9th Cir. 2011) (explaining rational basis review). As a result, numerous courts recognize that standards of scientific proof for regulatory actions, legislation, and governmental safety policies, are insufficient to establish legal causation and routinely exclude such determinations. *Wright v. Willamette Indus.*, 91 F.3d 1105, 1107 (8th Cir. 1996) ("Whatever may be the considerations that ought to guide a legislature in its determination of what the general good requires, courts and juries, in deciding cases, traditionally make more particularized inquiries into matters of cause and effect."); *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 783 n. 3 (10th Cir. 1999) (noting that regulatory

standards differ from tort standards); *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 198 (5th Cir. 1996) (same).

Here, the Post-Incident Actions are all predicated on one source—the CPSC-commissioned Mannen Study. Dr. Mannen is neither a fact nor expert witness in this case, and her 2019 CPSC commissioned study was not subject to peer review, much less the stringent standard imposed by Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The admission of Dr. Mannen's 2019 Study would inappropriately circumvent Fed. R. Evid. 702 as the Mannen Study would be perceived as expert testimony despite not having undergone the necessary scrutiny.[1]

### C. Evidence of the Post-Incident Actions Should Be Excluded Under Fed. R. Evid. 403.

Even if this evidence is somehow relevant (which it is not), such evidence should be excluded under Fed. R. Evid. 403 because of its extreme and unfair prejudice to Defendants. The jury will likely place undue weight on actions from authoritative bodies and deem them dispositive, leading them to merely **infer** the existence of a defect. *See, e.g.*, *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1358 (4th Cir. 1995) (exclusion of a state agency report was proper under Rule 403 because the "jury would have placed undue weight on such evidence" because it was an "official" report); *City of New York v. Pullman, Inc.*, 662 F.2d 910, 915 (2nd Cir. 1981) ("as a so-called government report which in fact was incomplete and based largely on hearsay, the report would have been presented to the jury in 'an aura of special reliability and trustworthiness' which would not have been commensurate with its actual reliability").

### CONCLUSION

Defendants respectfully request the Court grant their motion in limine, excluding all evidence, including testimony, reference, or argument concerning the Post-Incident Actions.

---

[1] While some plaintiffs in other Rock 'n Play Sleeper cases have designated Dr. Mannen as an expert witness, Plaintiff in this case has not, depriving Defendants of any opportunity to cross-examine Dr. Mannen and the jury to evaluate her credibility.

3

**CERTIFICATION OF CONFERENCE**

The undersigned certifies that counsel conferred in good faith regarding the subject of this motion in limine, in compliance with Local Civil Rule 7.2(l).

SUBMITTED this 14th day of October, 2022.

                             GREENBERG TRAURIG LLP

                             By: */s/ Aaron J. Lockwood*
                                   Lori G. Cohen*
                                   Mary-Olga Lovett*
                                   Brandon D. Cox*
                                   Nicole M. Goodwin
                                   Aaron J. Lockwood
                                   **Pro Hac Vice*
                                   *Attorneys for Defendants Mattel, Inc. and Fisher-Price, Inc.*

**Certificate of Service**

I hereby certify that on October 14, 2022, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System:

John E. Osborne
William C. Bacon
GOLDBERG & OSBORNE LLP
698 E. Wetmore Road, Ste. 200
Tucson, Arizona 85705
josborne@goldbergandosborne.com
wbacon@goldbergandosborne.com
*Attorneys for Plaintiff*

By: /s/ *Aaron J. Lockwood*
Greenberg Traurig, LLP

ACTIVE 682589041v11