1  GOLDBERG & OSBORNE
2  698 E. Wetmore Road, Suite 200
   Tucson, Arizona 85705
3  (520) 620-3975
   minutes@1800theeagle.com
4
5  John E. Osborne, Esq.
   State Bar #07085 | PCC #44004
6  josborne@goldbergandosborne.com

7  William C. Bacon, Esq.
   State Bar #04895 | PCC #02320
8  wbacon@goldbergandosborne.com

9  John A. Musacchio, Esq.
   State Bar #037255 | PAN #67371
10 jmusacchio@goldbergandosborne.com

11              **IN THE UNITED STATES DISTRICT COURT**
12
                **FOR THE DISTRICT OF ARIZONA**
13

| Kathleen Courkamp, for herself and on behalf of other statutory beneficiaries, | Case No.: CV-19-02689-PHX-GMS |
|---|---|
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE POST-INCIDENT ACTIONS BY GOVERNMENTAL AND PROFESSIONAL BODIES (DKT 278)** |
| vs. | |
| Fisher-Price, Inc., a foreign corporation; Mattel, Inc., a foreign corporation, | |
| Defendant | |

20      The Court should deny in whole Defendants' instant Motion because the jury's
21 perspective on the products liability issues will be from the time of trial, and the
22 governmental documents are admissible public reports under Rule 803(8), F.R.Evid., or
23 state the current law.  Plaintiff will present the jury the 2022 American Academy of
24 Pediatrics (AAP) Recommendations (that advise against use of inclined sleepers for
25 infants) not by introducing a hearsay document, but by means of its experts.  The
26 document is marked as an exhibit for identification.  Plaintiff's experts will also discuss
27 the current ban on the RNPS.
28      All of the documents at issue are admissible in the product liability action from a

1

relevance perspective because they will all inform the jury the state of knowledge as of the time of trial.

In *Dart v. Wiebe,* 147 Ariz. 242, 709 P.2d 876 (1985), the Arizona Supreme Court determined why product defect evidence, as contrasted with negligence evidence, is always viewed from knowledge at the time of trial.  As stated there, "The true distinction, we believe, between negligent design cases applying the risk/benefit analysis and strict liability cases applying the same word formulation is the time frame in which this determination is made. For a plaintiff to prove negligence he must prove that the designer or manufacturer acted unreasonably at the time of manufacture or design of the product. This test is "nothing more than the familiar negligence standard." *Id.* at 246-7, 880-81.  The court then continued, "In a strict liability risk/benefit analysis, however, it is not the conduct of the manufacturer or designer which is primarily in question, but rather the quality of the end result; the product is the focus of the inquiry. The quality of the product may be measured not only by the information available to the manufacturer at the time of design, but also by the information available to the trier of fact at the time of trial." *Id.*

The Consumer Product Safety Commission's (CPSC) recommendations, Erin Mannen, M.D.'s independent study revealing the hazards of inclined infant sleep products, the Safe Sleep for Babies Act (that bans inclined infant sleep products like the RNPS), and the 2022 AAP guidelines all grew out of the injuries and deaths caused by the RNPS and demonstrate the knowledge at the time of trial by which the jury must judge the product liability case.

Separately, to the extent that Defendants argue the government documents are inadmissible hearsay, Defendants have the burden of showing that Dr. Mannen's study is not a reliable governmental report.  *See*, *e.g.*, *Barry v. Trustees of the Intern. Ass'n*, 467 F.Supp.2d 91 at 96-97 (D.D.C. 2006).  Defendants have failed to meet their burden, having only made the bald assertion that Dr. Mannen's study lacks "reliable and credible medical/scientific foundation."  Def. MIL No. 2 at 1:8-11.

*Barry* laid out four factors to consider when assessing a report's trustworthiness: "(1) the timeliness of the investigation; (2) the special skill or expertise of the investigating official; (3) whether a hearing was held and the level at which it was conducted; and (4) possible motivation problems." *Barry*, 467 F.Supp.2d at 96-97. Defendants failed to directly address these factors in their Motion; however, this Response will demonstrate how each of these factors strongly favors admission of Dr. Mannen's study, the CPSC's investigation, Congress' enactment of the Safe Sleep for Babies Act, and the 2022 AAP Recommendations.

The investigation and the actions by the government were timely. Def. MIL No. 2 at 1:25-28. Defendants ignore that Dr. Mannen performed the very analysis that ***Defendants should have done before*** putting the RNPS on the market in 2009, ***before*** baby Z.O. died in the RNPS on June 19, 2014, and ***before*** dozens (if not even more) of other babies died and were injured in the RNPS by the time Defendants finally agreed to recall it in 2019.[1]

Defendants have failed to show that Dr. Mannen, the CPSC, or Congress lack sufficient skill or expertise. Again, Defendants baselessly assert that Dr. Mannen was not qualified. Their unsupported statement is insufficient to carry their burden. Defendants also ignore the additional efforts that the CPSC and Congress took to investigate the safety (or lack thereof) of inclined infant sleep products including the RNPS, as well as the highly qualified AAP, the well-respected organization of pediatricians that drafted the 2022 safe sleep recommendations.

---

[1] Additionally, Defendants, themselves, hired Dr. William W. Fox & Dr. Thomas H. Shaffer to perform a safety analysis on the RNPS in 2017 – eight years after putting the RNPS on the market, and more than three years after Z.O. died. If Defendants did not see fit to perform a safety study until having received dozens of reports of infant deaths and injuries in the RNPS, they should not be allowed to fault the Government for the amount of time that passed between the date of Z.O.'s death and its investigation.

3

The Committee on Oversight and Reform held a hearing on June 7, 2021 specifically about Defendants' RNPS as part of its investigation into the safety of inclined infant sleepers. The Committee on Oversight and Reform is "the main investigative committee in the U.S. House of Representatives." https://oversight.house.gov/about/Committee-Jurisdiction | House Committee on Oversight and Reform. The Committee's efforts ultimately resulted in the Safe Sleep for Babies Act, which bans inclined infant sleep products like the RNPS. It is hard to imagine a higher "level" at which an investigation could be conducted for the purpose of protecting babies. Barry, 467 F.Supp.2d at 96-97.

The government's motivation was solely to protect consumers. Both the CPSC and the Committee on Oversight and Reform have the responsibility to protect the public. In order to fulfill that duty, the CPSC retained Dr. Mannen to perform an independent safety analysis of inclined infant sleepers. The CPSC then reported the findings to the House Committee, and the Committee then held a hearing on the matter. Defendants have failed to meet their burden to negate the proposition that Dr. Mannen's study is completely reliable and relevant to this case.

Plaintiffs respectfully request that this Court deny Defendants' Motions in Limine No. 2 seeking to exclude Post-Incident Actions by Governmental and Professional Bodies.

Respectfully submitted this 20th day of October, 2022.

GOLDBERG & OSBORNE, LLP

By: /s/ *John E. Osborne*
John E. Osborne
William C. Bacon
John A. Musacchio
   Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2022, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following participants of the CM/ECF System:

Dominic E. Draye (SBN 033012)
Nicole M. Goodwin (SBN 024593)
Aaron J. Lockwood (SBN 025599)
**GREENBERG TRAURIG, LLP**
2375 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Tel: (602) 445-8000
Facsimile: (602) 445-8100
goodwinn@gtlaw.com
lockwooda@gtlaw.com

Lori G. Cohen *(pro hac vice)*
Brandon D. Cox *(pro hac vice)*
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (310) 553-2100
Facsimile: (310) 553-2212
cohenl@gtlaw.com
coxb@gtlaw.com

Mary-Olga Lovett *(pro hac vice)*
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 374-3541
Facsimile: (713) 754-7541
lovettm@gtlaw.com

*Attorneys for Defendants Mattel, Inc. and Fisher-Price, Inc.*

By: *Briana D. Oliver*